Dear Mr. Book:
This responds to your request for an opinion of this office reviewing the criteria set forth by the Franklin Parish Police Jury regarding the annexation of existing roads into the parish road system.
We have reviewed the criteria set forth and made suggestions for their refinement and improvement, keeping in mind that the expenditure of funds and resources by the police jury must be for a public purpose and in the public interest.
The requirement that the funds, credit, property or other things of value of the parish must be used for a public purpose derives from Art. VII, § 14(A) of the Louisiana Constitution of 1974, which provides, in part, as follows:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Further, the revised statutes provide that funds and resources may be expended when necessary to "further the best interests of the parish and the parish road system". See La. R.S. 33:1236(2).
Therefore, for these reasons, the police jury would have authority to annex existing roads into the parish road system only for public purposes and when in the public interest.
We found the Police Jury discussion in the Special Session of September 15, 1997, very enlightening and a good discussion of the public policy considerations which have led to the enactment both of the constitutional and statutory provisions referred to above. The attached suggestions for criteria to be used by the police jury are provided to furnish a basis for further discussion to ensure that road annexations truly serve a public purpose and the public interest. There are no hard and fast rules prescribed by law other than the public purpose requirement, which generally resolves itself into a determination of what is fair, reasonable and lawful under a particular set of circumstances.
Therefore, in questionable cases, it is recommended that particular care be taken to get a legal opinion to serve as guidance under the circumstances.
We hope this opinion is of value to you, and if we may be of further assistance, please call upon us at any time.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK/bb
Att.